**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**


Herbert Campbell,                                                 Civil No. 09-736 MJD/AJB

                              Petitioner,

v.                                                               **REPORT AND RECOMMENDATION**

Dwight Fondren, Warden
FCI Sandstone,

                              Respondent.


        This matter is before the Court, Magistrate Judge Arthur J. Boylan, on petition for

habeas corpus relief pursuant to 28 U.S.C. § 2241 by a federal prisoner.  The action has been

referred to the magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and

Local Rule 72.1.  Petitioner Dwight Campbell is confined at the Federal Correctional Institution

at Sandstone, Minnesota, pursuant to conviction and sentencing in United States District Court,

Eastern District of Michigan, on a charge of distribution of a controlled substance on or near a

playground.

        It is petitioner's claim in this action that he was improperly terminated from a

residential drug abuse treatment program ("RDAP"), and as a result he has been denied early

release to which he would have been entitled upon successful completion of the program,

pursuant to 18 U.S.C. § 3621(e)(2)(B) and Bureau of Prisons ("BOP") Program Statement

5330.10.  Respondent argues that the petition should be dismissed based upon the prisoner's

failure to exhaust administrative remedies in accordance with the BOP's three-part

administrative process prior to seeking relief in federal court, and in any event, Mr. Campbell's

expulsion from the treatment program was justified and was not in violation of his constitutional

rights.  For his relief the prisoner seeks immediate relief, i.e. release, as well as "compensation

for emotional and psychological suffering due to being held past the scheduled release date."[1]

For the reasons discussed below, it is recommended that the petition [Docket No. 1] be dismissed

without prejudice for failure to exhaust administrative remedies.

**Background and Claims**

Petitioner Herbert Campbell is a federal prisoner who is currently incarcerated at

the Federal Correctional Institution at Sandstone, Minnesota.  He was convicted in October

2005, pursuant to guilty plea to a drug distribution change in the Eastern District of Michigan.

The prisoner was given a 63–month sentence, plus eight years of supervised release.  His current

projected release date is May 7, 2010, with allowance for good time.

Mr. Campbell was found eligible for early release consideration pursuant to 18

U.S.C. § 3621(e) on June 12, 2007.[2]  Section 3621(e) allows the BOP to reduce a prisoner's

sentence by as much as twelve months upon successful completion of treatment in a Residential

Drug Abuse Program ("RDAP").  Petitioner commenced RDAP treatment at FCI–Sandstone on

March 25, 2008.[3]  During his participation in the treatment program, Mr. Campbell was given a

program warning on April 2, 2008, for failure to timely complete extra duty that had been

assigned for refusing an order; he was given a second program warning on November 10, 2008,

for trying to split staff during a treatment activity; he was given a third program warning on

November 18, 2008, for referring to a staff member in a disrespectful manner; and he received a

---

[1]  Pet. 11.

[2]  Decl. of Angela Buege, ¶ 4.

[3]  Id.

fourth program warning on December 8, 2008, for providing a false statement to staff regarding

his release date.[4]  Following the warning on December 8, 2008, the petitioner was expelled from

the treatment program[5] pursuant to Program Statement 5330.10, *Inmate Drug Abuse Programs*

*Manual*, Chapter 5, Page 6A,[6] wherein removal from the program is mandated in the event of a

fourth incident of disruptive behavior.

        In the petition in this matter Mr. Campbell alleges that he should be immediately

released and that he is being illegally detained based upon arbitrary and capricious actions by

RDAP staff because he was not given official written warnings prior to being expelled from the

program for alleged disruptive behavior.[7]  The prisoner also alleges that he was informed by staff

that his early release date was being "put behind 90 days" despite his having never received

written warnings or documentation as to alleged disruptive behavior prior to the fourth warning

of December 8, 2008.[8]  After being expelled from the RDAP, Campbell filed a request for

administrative remedy seeking release on March 10, 2009.[9]  This institution level request was

denied on February 3, 2009.[10]  An effort to file an appeal to the BOP Regional Director was

---

[4]  Decl. of Angela Buege, ¶ 4, Attach. C.

[5]  Id.,  ¶ 4, Attach. D.

[6]  Id.,  ¶ 5, Attach. E.

[7]  Pet., p. 7.

[8]  Id. at 8.

[9]  Decl. of Angela Buege, ¶ 8, Attach. G.

[10]  Id.

rejected for including more than one issue in the appeal.[11] There has been no appeal to the BOP

Central Office. In opposing the petition the respondent asserts that the matter should be

dismissed for failure to exhaust administrate remedies. In addition, respondent disputes the

prisoner's claim that he did not receive notification of each of the four warnings[12] and argues that

Mr. Campbell has not completed the RDAP, therefore making him ineligible for early release

under 18 U.S.C. § 3621(e). Finally, the BOP insists that the petitioner has no constitutional right

to release prior to completion of the lawful term of imprisonment.

## DISCUSSION

**Exhaustion.** When grievance procedures exist to provide a means for impartial

review, a federal prisoner must exhaust available administrative remedies within the correctional

system before seeking extraordinary relief in federal court. Willis v. Ciccone, 506 F.2d 1011,

1015 (8th Cir. 1974). The BOP has established a three-tiered administrative remedy program to

address prisoner concerns relating to any aspects of confinement.[13] The first tier of the process

requires that an inmate initially seek informal resolution of the grievance and, if there is no

informal resolution he must present the complaint to the warden of the facility of confinement.

28 C.F.R. Part 542.13. Thereafter, at the second tier, an unsatisfactory response from the warden

may be appealed to the BOP Regional Director, and finally, the response of the Regional

Director may be appealed to the Central Office of the BOP at the third tier. 28 C.F.R. Part

542.15. A prisoner's complaint has been exhausted, and is thereby subject to district court

---

[11] Id.

[12] Id., ¶ 5, n.2., Attach. F.

[13] Id. ¶ 6, citing BOP Program Statement 1330.13, *Administrative Remedy Program*, codified at 28 C.F.R. Part 542.

review, upon receipt of the Central Office response.

Petitioner makes no assertion that he followed the full administrative remedy process in this matter and offers no explanation for failing to complete the three-tiered program. Consequently, the court cannot conclude that administrative remedies have been exhausted and has no basis upon which to conclude that the exhaustion requirement should be excused for any reason whatsoever. Furthermore, the record suggests that the prisoner was aware of the administrative remedy process and merely decided to forego proper compliance with the appeals procedure. In any event, the court finds no compelling evidence to support a determination that the prison administration was ignoring the prisoner's claims regards the RDAP expulsion, or that a properly alleged appeal was predestined to fail at either the regional level or the central office level. Indeed, the value of the administrative review process has been expressed by the Eighth Circuit, such that "it may well benefit prisoners to seek administrative relief first since this may be both a more expeditious and advantageous source of relief from unlawful action . . . when proper grievance procedures exist, their utilization benefits the prisoner, the prison authorities and the courts." Green v. Federal Bureau of Prisons, 2002 WL 32619483 (D. Minn. Jan. 29, 2002)(unpublished opinion)(quoting Willis, 506 F.2d at 1015). The prisoner has simply not shown that a proper appeal would not get the fair and timely consideration that it deserves at each BOP level. Since the petitioner has not shown that the administrative process was futile, and he has not provided any alternative grounds to be excused from the requirement that he exhaust administrative remedies, the petition in this matter should be dismissed without prejudice.

**Merits of the Petition**

As a result of the recommendation that this matter be dismissed without prejudice

on nonexhaustion grounds, the magistrate judge does not reach the merits of petitioner's

statutory and BOP Program based claims with regard to his demand for immediate release.

However, certain claims have been asserted and issues raised that may be addressed.  First, Mr.

Campbell's petition states that he is seeking compensation for emotional and psychological

suffering in this section 2241 habeas corpus action.  Money damages are not available as a

remedy under section 2241.  See Peluso v. Outlaw, 2009 WL 856687, at *3 (E.D. Ark. Mar. 30,

2009).  In a petition in which habeas relief is the primary objective, the request for money

damages may be disregarded as mere surplusage. See  Hildebrant v. Rios, 2007 WL 4365420, at

*2 (W.D.Ky., December 12, 2007).  Moreover, pursuant to 42 U.S.C. § 1997e(e), a federal civil

action for emotional injury may not be maintained by a prisoner in the absence of physical

injury.  Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004).  This action was commenced as a

habeas corpus action, and not as a civil rights case, and in any event, the petition contained no

allegations of physical injury.  As a matter of law the prisoner cannot be awarded monetary

compensation for emotional and psychological suffering in this case on multiple grounds.

Second, respondent accurately argues that petitioner has no constitutionally based

liberty interest in RDAP participation, (see  Sandin v. Conner, 515 U.S. 472, 484 (1995)(no

atypical and significant deprivation)), and has no constitutional due process right to early release

under 18 U.S.C. §3621(e)(2)(B).  Lopez v. Davis, 531 U.S. 230, 241 (2001).  In this regard it is

not immediately apparent to the court that the petitioner has actually asserted any constitutional

claims in this matter, either directly or indirectly by reference to particular case law.  The court

6

therefore concludes that the petitioner has not stated grounds for relief on the basis of due

process violations or on other constitutional grounds.

## RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, it is

hereby **recommended** that Herbert Campbell's Petition under 28 U.S.C. § 2241 for Writ of

Habeas Corpus be **DISMISSED** without prejudice. [Docket No. 1].


Dated:     June 23, 2009


   s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge



Pursuant to Local Rule 72.2(b), any party may object to this Report and
Recommendation by filing with the Clerk of Court, and by serving upon all parties, written
objections which specifically identify the portions of the Report to which objections are made
and the bases for each objection. Written objections shall be filed with the Clerk of Court and
served upon opposing parties before July 10, 2009.  This Report and Recommendation does not
constitute an order or judgment from the District Court and it is therefore not directly appealable
to the Circuit Court of Appeals.